IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**FREDERICK S. CASS,**          CASE NO. 3:23 CV 165

    Petitioner,

    v.          JUDGE JAMES R. KNEPP II

**CHIEF LANG,**

         **MEMORANDUM OPINION**
    Respondent.          **AND ORDER**

### INTRODUCTION AND BACKGROUND

*Pro se* petitioner Frederick S. Cass is presently incarcerated at the Mercer County Jail awaiting trial in the Mercer County Court of Common Pleas (Case No. 22-CRM-076). (Doc. 1). He filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2241 and alleges that he has been subjected to excessive bond in violation of his due process rights. *Id.* at 2.

Upon review, the Court dismisses the Petition without prejudice.[1]

### STANDARD OF REVIEW AND DISCUSSION

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.

---

1. Because the Court dismisses the Petition, Petitioner's subsequently filed Motion (Doc. 3) is denied as moot.

1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded to *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A petitioner who has been tried and convicted, and who therefore is "in custody pursuant to the judgment of a State court," must challenge his conviction or sentence under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A pretrial detainee held at a county jail, however, is not in custody pursuant to the judgment of a state court but is instead in custody pursuant to an indictment and may pursue habeas corpus relief under Section 2241. *See Smith v. Coleman*, 521 F. App'x 444, 447 (6th Cir. 2013). Because Petitioner is in custody awaiting trial, the petition is properly asserted under 28 U.S.C. § 2241.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Under 28 U.S.C. § 2241(c)(3), a federal court may grant habeas relief on claims by a state pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Although relief under Section 2241 is available, principles of comity and federalism dictate that the federal courts should abstain from interfering with state court criminal proceedings unless "special circumstances" are present, and the petitioner has given the state courts the opportunity to address his federal constitutional issues by exhausting his state court remedies. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973); *Phillips*, 668 F.3d at 810 n.4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). If the issues raised in the petition may be resolved either by

trial on the merits in the state courts or by other state procedures available to the petitioner, Section 2241 relief should not be granted. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

"The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights . . . whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus." *Id.* (citations omitted). If asserted by way of habeas corpus pursuant to Section 2241, the petitioner must demonstrate state court remedies have been exhausted. *Id.*

Here, the Petition and the Mercer County Court of Common Pleas docket indicate Petitioner filed a motion in state court to reduce bond, which the state court denied following a hearing. *See State v. Cass*, No. 22-CRM-076 (Mercer Cnty. Ct. Comm. Pl.); *see also* Doc. 1, at 2. There is no indication in the Petition, however, that Petitioner raised this issue through the available state court habeas procedure. *See Chari v. Yore*, 91 Ohio St. 3d 323, 325 (Ohio 2001) ("Habeas corpus is the proper remedy to raise the claim of excessive bail in pre-trial release cases."); *State ex rel. Wesley v. Cuyahoga Cnty. Ct. of Common Pleas*, 165 Ohio St. 3d 574, 576 (Ohio 2021) ("A petition for a writ of habeas corpus is the proper cause of action for a person seeking to challenge the unlawful restraint of his liberty due to excessive bail or the complete denial of bail."). He has therefore failed to exhaust his state court remedies. *See, e.g.*, *Hairston v. Franklin Cnty. Ct. of Common Pleas*, 2017 WL 2972151, at *1 (S.D. Ohio) (dismissing § 2241 petition for lack of exhaustion where "there [was] no indication that Petitioner filed a habeas action in *state* court challenging his bail amount").

Further, Petitioner has not presented a "special circumstance" justifying federal court intervention at the pretrial stage.

3

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED; and this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 2243; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE